UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARY JO MYERS,<br><br>Defendant. | Case No. 1:22-CR-00040-BLW<br><br>**MEMORANDUM AND ORDER** |

Before the Court is Defendant Mary Jo Myers's motion for temporary pretrial release pursuant to 18 U.S.C. § 3142(i). (Dkt. 37.) The Government opposes the motion to the extent it requests Defendant's release without supervision by the United States Probation Department. On September 21, 2022, the Court conducted a hearing on the motion. For the reasons that follow, the Court will grant the motion for temporary release under the terms and conditions stated herein and during the hearing on September 21, 2022.

### STANDARD OF LAW

Under the Bail Reform Act of 1984, if the Court finds the defendant poses a danger to public safety or a flight risk, the Court may order the defendant detained pending trial if no conditions, or a combination of conditions, can be fashioned to reasonably provide such assurances. 18 U.S.C. § 3142(e). In assessing what conditions, if any, to impose, courts consider the following factors set forth in Section 3142(g): the nature and circumstances

**ORDER - 1**

of the offense charged; the weight of the evidence against the defendant; the defendant's history and characteristics (including history relating to drug abuse, defendant's criminal history, and record of appearing at court proceedings); whether the defendant was on probation, parole, or other court supervision at the time of the allegedly offensive conduct; and the nature and seriousness of the danger to any person or the community posed by the defendant's release. 18 U.S.C. § 3142(g).

Relevant here, where a person has been detained pretrial, Section 3142(i) provides a mechanism for the Court to permit the temporary release of the person where it "determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). The defendant bears the burden of establishing circumstances warranting temporary pretrial release under Section 3142(i). *United States v. Cox*, 2020 WL 1491180, at *2 (D. Nev. March 27, 2020); *United States v. Clark*, 2020 WL 1446895, at *2 (D. Kan. Mar. 25, 2020). The Court must make an individualized determination as to whether Defendant has demonstrated that temporary release is warranted in this case under Section 3142(i).

## DISCUSSION

On March 8, 2022, Myers was charged with one count of Possession with Intent to Distribute Methamphetamine and Heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and (b)(1)(C). (Dkt. 1.) The Government originally filed a motion for detention on April 28, 2022 (Dkt. 6), but later withdrew such motion on May 3, 2022 (Dkt. 14). Myers was then released on conditions. (Dkt. 17.) On August 23, 2022, a Petition on Pretrial Release was filed alleging Myers violated conditions of her pretrial release. (Dkt.

28.) Consequently, the Government filed a new motion for detention on September 1, 2022. (Dkt. 33.) During the initial appearance on the Petition for Pretrial Release, Myers waived a detention hearing and was ordered detained on September 1, 2022. (Dkt. 35.) Myers is awaiting trial currently set for January 3, 2023. (Dkt. 31.)

On September 19, 2022. Myers filed the motion for temporary pretrial release presently before the Court. (Dkt. 37.) Myers requests temporary release for the purpose of attending inpatient treatment at Moonlight Mountain Recovery. (Dkt. 37.) The Court held a hearing on the motion on September 21, 2022. Based on the parties' presentations at the hearing, Defendant's submissions, and entire record herein, the Court finds a compelling reason has been shown to grant Myers' motion for temporary pretrial release pursuant to 18 U.S.C. § 3142(i). Specifically, to allow Myers to attend inpatient treatment at Moonlight Mountain Recovery at its location in Caldwell, Idaho for a period of thirty (30) days. During her release, Defendant will be subject to the same conditions of pretrial release previously imposed (Dkt. 17) and, in addition, may not leave the treatment facility except as specifically permitted by her probation officer in writing.

## ORDER

THEREFORE IT IS HEREBY ORDERED that the Motion for Temporary Pretrial Release (Dkt. 37) is **GRANTED**. Defendant may be temporarily released for a period of not more than thirty (30) days beginning on **Wednesday, September 21, 2022**, subject to the following:

1) Defendant must reside only at and participate in Moonlight Mountain Recovery's in-patient treatment program, at their location in Caldwell, Idaho, during the term of her temporary release.

2) Lyle Leary is HEREBY NAMED as Defendant's third-party custodian and is the responsible party for Defendant's transportation during the temporary release. Mr. Leary agrees to the following: a) supervise Defendant to ensure compliance with the conditions of the temporary release, b) assure the Defendant's appearance at all court proceedings, c) notify the Court immediately if Defendant violates a condition of release. Mr. Leary is the sole responsible party who may transport the Defendant from the Ada County Jail directly to Moonlight Mountain Recovery at their location in Caldwell, Idaho, and transport Defendant back to the Ada County Jail following her treatment as directed by the Court.

3) Mr. Leary may pick the Defendant up from the Ada County Jail on Wednesday, September 21, 2022, as directed by and subject to, any logistical or operational requirements or limitations of the Ada County Jail.

4) Defendant and defense counsel, Paul E. Riggins, are responsible for communicating and coordinating with the Ada County Jail, the United States Marshals Service, and the United States Probation Officer as necessary to facilitate Defendant's temporary release.

5) During the temporary release, Defendant must abide by all of the terms and conditions stated in the previous Order Setting Conditions of Release (Dkt. 17),

and all of the terms and conditions of Moonlight Mountain Recovery's in-patient treatment program, including the restriction that Defendant may not leave the treatment facility during her temporary release unless she obtains prior written approval to do so from her probation officer. In addition, Defendant shall not use or possess any alcohol and/or controlled substances; Defendant shall abstain from the use of alcohol and shall not be present in any location where alcohol is the primary item of sale; Defendant shall not commit any state, federal, or local crimes or offenses; and Defendant shall not possess or have access to any firearm, ammunition, destructive device, or dangerous weapon. Further, Defendant will sign a release to allow U.S. Probation to discuss her treatment with her counselor and/or treatment providers at Moonlight Mountain Recovery in order to assess Defendant's progress in its program.

6) During the temporary release, the Defendant is restricted to traveling only to and from the Ada County Jail and Moonlight Mountain Recovery, and will be subject to drug testing immediately upon return to custody.

7) Violation of any of these terms and conditions may result in additional penalties and possibly new charges and penalties separate and apart from the charges for which Defendant is currently in custody and will result in the immediate issuance of an arrest warrant.

8) Prior to the Defendant being temporarily released, defense counsel is directed to provide a copy of this Order to the Defendant and Mr. Leary, and to expressly advise both individuals of the terms and conditions of the temporary release as

well as the additional penalties, consequences, and new charges Defendant may face if she violates any of the terms and conditions. Defendant and Mr. Leary must sign an acknowledgement of receipt of the same, provided by defense counsel, before Defendant is released.

9) Upon Defendant's completion of the thirty (30) day in-patient treatment program, or Defendant's release from the in-patient treatment program, Defendant shall immediately return to the Ada County Jail unless otherwise ordered by the Court.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to serve a copy of this order on all parties, the United States Marshals Service, and the United States Probation Office.

DATED: September 21, 2022

_____
Honorable Debora K. Grasham
United States Magistrate Judge